NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HAYWARD INDUSTRIES, INC., : : :  Plaintiff, : : v. : : SALT SOLUTIONS, INC, : : Defendant. : : | Civil Action No. 21-19281 (SRC)  OPINION |

**CHESLER**, District Judge

This matter comes before the Court on a motion to dismiss for lack of personal jurisdiction and improper venue filed by Defendant Salt Solutions, Inc. ("Defendant" or "Salt Solutions"). Plaintiff Hayward Industries, Inc. ("Plaintiff" or "Hayward") opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's motion.

## I.  BACKGROUND

Hayward is a manufacturer of swimming pool equipment, including equipment for salt water pools. Hayward uses various marks for its salt water pool equipment. Salt Solutions is a repair service for malfunctioning salt cells, a necessary component of salt water pool systems which must be replaced from time to time. It also sells repaired salt cells directly to consumers through its website and third-party websites, such as Amazon.com. These include several cells originally manufactured by Hayward. Hayward is a New Jersey corporation with its principal

place of business in New Jersey.  Salt Solutions is a Florida corporation with its principal place of business in Florida.

Previously, on May 30, 2019, Hayward filed a lawsuit in this Court alleging trademark infringement and other violations of the Lantham Act, 15 U.S.C. § 1051 et seq., styled <u>Hayward Industries, Inc. v. Salt Solutions, Inc.</u>, 2:19-cv-13143 ("Original Action").  The complaint in the Original Action alleged, <u>inter alia</u>, Salt Solutions passed off Hayward salt cells as its own and used language suggesting it had been authorized by Hayward to sell refurbished cells.  The Original Action settled on October 25, 2019, when the parties entered into a Settlement Agreement (Pl. Br. Exhibit B) which required Salt Solution to modify some of its practices.

On October 22, 2021, Hayward filed the instant action against Salt Solutions alleging activity in violation of the Settlement Agreement, Hayward's intellectual property rights, and various provisions of the Lantham Act.  Specifically, the Complaint alleges Salt Solutions continues to use Hayward marks and other confusing language in its online store listings, in online advertisements, and on its products.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

On July 22, 2022, Salt Solutions filed a motion to dismiss for lack of personal jurisdiction and improper venue.  By declaration, Salt Solutions asserts that its only physical address is in Tampa, Florida.  It asserts it does not have any property, assets, or employees in New Jersey, nor is it registered to do business in New Jersey.  However, the declaration admits Salt Solution makes a small number of sales to customers with a New Jersey address, accounting for 0.9% of total revenue and 0.8% of total units sold between 2010 and 2021.  (Def. Declaration ¶ 8).

**II.    DISCUSSION**

Defendant Salt Solution moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(2). On a Rule 12(b)(2) motion, the burden is on the plaintiff to "prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). This Court, sitting in diversity, "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long arm-statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Circus Hotel, 49 F. Supp. 2d 743, 745 (D.N.J. 1999), see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to due process of law"). The Fourteenth Amendment's due process clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant" depending on "the defendant's relationship to the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ---, 137 S. Ct. 1773, 1779 (2017).

The Supreme Court has recognized two types of personal jurisdiction, general jurisdiction and specific jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.; Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the

litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum. Id. This means that "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (quoting Goodyear, 564 U.S. at 919) (alteration in original). The Third Circuit provides a three-part test to determine whether specific jurisdiction exists. First, "the defendant must have 'purposefully directed its activities' at the forum." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (alternations omitted) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Second, "the litigation must 'arise out of or relate to' at least one of those activities." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984); Grimes Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994)). Accordingly, where a court has specific jurisdiction, its authority is limited to adjudicating issues related to the very controversy on which that jurisdiction is based. Bristol-Myers Squibb, 137 S. Ct. at 1780. Third, a court must consider "whether the exercise of jurisdiction otherwise 'comports with fair play and substantial justice.'" O'Connor, 496 F.3d at 317 (alterations omitted) (quoting Burger King, 471 U.S. at 476).

This Court clearly does not have general jurisdiction over Defendant, and Plaintiff does not present a theory of general jurisdiction. Defendant is incorporated in Florida and has its principal place of business in Florida. Its only contacts with New Jersey are that it advertises to consumers in New Jersey as part of its nationwide advertising efforts, it makes some sales to

New Jersey residents, it maintains a contractual relationship with a New Jersey corporation through the Settlement Agreement, and it allegedly infringes on intellectual property owned by a New Jersey corporation.  (Complaint ¶ 12, 17; Def. Declaration ¶ 8).  These contacts to do not place Defendant "essentially at home" in New Jersey, and thus they are insufficient to establish general jurisdiction.  Goodyear, 564 U.S. at 919 (quoting Int'l Shoe, 326 U.S. at 317).

The parties dispute specific jurisdiction.  In its motion to dismiss, Defendant argues this case fails all three requirements for specific jurisdiction, that is, Defendant did not purposefully direct its activities toward New Jersey, the cause of action does not arise out of its activities in New Jersey, and exercising jurisdiction does not comport with traditional notions of fair play and substantial justice.  (Def. Br. 8-19).  Defendant emphasizes its small volume of sales to New Jersey and that much of its sales and advertising are through third-party websites outside of its control.  (Def. Br. 8-19).  It also argues that jurisdiction would not satisfy the Calder effects test.  (Def. Br. 19-20 (citing Calder v. Jones, 465 U.S. 783 (1984))).  Plaintiff asserts Defendant's sales and advertising in New Jersey are sufficient contacts to establish personal jurisdiction.  (Pl. Br. 11-14).  It also contends Defendant's assent to the Settlement Agreement, an agreement with a New Jersey counterparty to resolve an action in the District of New Jersey, establishes jurisdiction in New Jersey.  (Pl. Br. 18-19).

Purposeful sales of goods into a forum state are sufficient to create personal jurisdiction.  The Supreme Court is clear on this matter: "The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-

5

98 (1980). Salt Solutions sold its allegedly infringing goods into New Jersey. (Def. Declaration ¶ 8). That, by itself, is sufficient to invoke jurisdiction over Defendant. Because the sales were intended to reach New Jersey addresses they constitute purposeful targeting of a forum state for personal jurisdiction purposes. See World-Wide Volkswagen, 444 U.S. at 297 (discussing when a seller purposefully avails itself of a forum state). As these sales allegedly infringe upon Plaintiff's intellectual property and contractual rights, all Plaintiff's claims arise out of Defendant's activities in New Jersey. See Bristol-Myers Squibb, 137 S. Ct. at 1780. The Court need not consider whether Defendant's advertising impacts personal jurisdiction because the sales are sufficient to establish jurisdiction for all claims.

Defendant raises two issues regarding these sales: it asserts the sales are of insufficient volume to invoke jurisdiction and that many of the sales were facilitated by third-party websites outside of Defendant's control. Both arguments run against the weight of precedent. First, a single sale into a state is enough to invoke jurisdiction over a party. See Columbia Metal Culvert Co., Inc. v. Kaiser Indus. Corp., 526 F.2d 724, 729 (1975) ("A single shipment is sufficient to subject a foreign individual or corporation to personal jurisdiction . . . ."). Sales volume is not an issue as long as some purposeful sales were made to New Jersey. Here those sales account for 0.9% of Defendant's total sales revenue. (Def. Declaration ¶ 8). Defendant argues that many of those sales cannot be attributed to itself because they were made through third-party websites outside of its control, such as Amazon.com. It is not clear how many of Defendant's New Jersey sales are through third-party websites. Even if all New Jersey sales occurred through third-party websites, those sales were still purposeful for minimum contacts analysis. In using these third-party services, Defendant has decided to participate in and profit from a worldwide market. It

6

acts as a seller within that market, with considerable control over how its products are sold. Sales through these large third-party platforms are sufficient to create minimum contacts. See Telebrands Corp. v. Mopnado, No. 14-07969, 2016 WL 368166, at *7 (D.N.J. Jan 12, 2016); Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 363-64 (S.D.N.Y. 2020) (holding jurisdiction was established in New York through sales on Wish.com); Dedvukaj v. Maloney, 477 F. Supp. 2d 813, 820 (E.D. Mich. 2006) ("Sellers cannot expect to avail themselves of the benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it."). Whether Salt Solutions made direct sales to New Jersey or all of its New Jersey sales were through third-party platforms, there are sufficient contracts to establish jurisdiction over Defendant.

  Finally, the Court must consider whether the exercise of jurisdiction comports with notions of "fair play and substantial justice." Int'l Shoe, 326 U.S. at 316. Only in "rare cases" does fairness defeat otherwise valid personal jurisdiction. Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 207 (3d Cir. 1998). Exercising jurisdiction in this instance is fair and reasonable. Salt Solutions sold products into the State of New Jersey. It is reasonably foreseeable that claims arising from those sales might be brought in New Jersey. The Court must give due regard for the Plaintiff's choice of forum. Furthermore, New Jersey has an interest in resolving disputes over the alleged infringement of trademarks owned by resident corporations. McKee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957). While Salt Solutions is a small firm, it is

responsible to respond to claims that arise from the sale of its goods across the country. Jurisdiction is therefore proper in this case.[1]

Defendant also challenges the propriety of venue in the District of New Jersey. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391 (b)(1). The venue statute defines residency for business entity defendants as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391 (c)(2). Accordingly, venue is proper if the Court has personal jurisdiction over Defendant. For the reasons above, the Court has personal jurisdiction over Defendant, so therefore, venue is proper.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). An appropriate order will be filed.

/s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  September 22, 2022

---

[1] As personal jurisdiction is proper under a traditional specific jurisdiction framework, the Court need not consider the Calder effects test, as it is an independent basis of specific jurisdiction. See Calder v. Jones, 465 U.S. 783 (1984).

[2] In its sur-reply brief, Plaintiff expressed concern that Defendant raised issues of transfer and dismissal pursuant to Federal Rule of Civil Procedural 12(b)(6) in its reply brief that were not raised in its opening brief. Because Defendant never adequately sought relief on these grounds, the Court will not consider these issues.